appeal number 05-3232 Fitzpatrick v. Department of Justice. Mr. Matthews, good morning. Welcome. Good morning, Your Honor, and good morning to the panel. I'm here because... Aren't you in the wrong court when you're in the Merit System Protection Board because it has jurisdiction limited by statute and regulation with respect to enforcing its prior orders? You may have an argument that could have been sustained, for example, in the Court of Federal Claims under your theory of breach of implied contract of good faith and fair dealing and so forth. But it seems to me you can't make those kind of arguments in the board because the board only has the jurisdiction that the statute gives it. And unless it has entered an order, there's nothing that it has jurisdiction to enforce. In this case, the agreement that you're pointing to is one that was never the subject of an order that I can see by the administrative judge, and therefore the administrative judge would seem to plainly have lacked jurisdiction to enforce it. If there's no order entered, there's nothing to enforce, no power to enforce. What's your answer to that? Well, my argument basically is that if you accept the fact that a contract does exist, there is a mechanism pursuant to the Moore case for honoring the rule. You have to help me with jurisdiction. I understand. Mechanism or no mechanism, what I'm saying is there's never any power to enforce by an administrative judge of the board except with respect to an order that the board has issued. And in a case where there are settlements, the board issues an order that incorporates the settlement. Here there's no order incorporating the settlement that you're trying to enforce, therefore there's no jurisdiction to enforce. Well, the settlement, first of all, there was pending jurisdiction in the board on the underlying dispute that was being settled. There had been a settlement agreement in 1986. Yeah, but that was previously enforced. That's not this case. This case seeks to enforce something different from that old agreement that was the subject of a board order. Here there is no board order adopting a new agreement. It is, Your Honor, it is the settlement of a case that was brought pursuant to that preceding order. And I would cite, and what I am suggesting is that the court has equitable power to both... It doesn't have any jurisdiction to enforce except within the words of a single statutory sentence. And I don't see how you come within the terms of that one sentence. If you can't show us how you come within that one sentence, I think you're wasting our time. Well, if you look at the Moore case, which is on page 6 of the red brief, the Moore case was a situation in which a settlement agreement was erroneously not recorded, and the proceedings were reopened so as to record it. Now, I can't, I don't want to, what I'm using this for is a procedural precedent that... It's not a precedent as to us at all because it's a board decision and we're not bound by board decisions. I understand that this court is...  Well, I understand that, well, this has never been overruled and it was basically allowed for the court to do this. We have our decisions, counsel, that we on this panel are required to follow. Those decisions seem to me to clearly say that the board lacks jurisdiction to enforce any agreement unless that agreement has been incorporated into an order of the board, which did not happen here. Well, what if, could not this be, this action have been considered an action to amend that agreement incorporated into the board because it does have a nexus with that agreement. It does change the consideration that was to be received. It changes the contemplated sequence of events. It would avoid confusion. What's before us is your petition to enforce. The board held that it lacked jurisdiction over your petition to enforce because there was no underlying agreement that was incorporated into a board order, which is clearly true as a matter of fact. Well, what I'm suggesting to the court is that there is an agreement. The agreement is the 1986 agreement. That's not what you're trying to enforce. You're trying to enforce the terms of something that you say was agreed to after 1986. The 1986 agreement already was the subject of an enforcement action, and that was successful. So you're not enforcing the 86 agreement. You're enforcing what you claim to be a substitute, superseding agreement, which isn't an agreement that's before the board because it was never in a board order. Well, if the agreement affects the 1986 agreement in any way, it should be part of the, I would argue that the statute does not intend for it not to be part of the record. The statute would not intend to have a 1986 agreement affected without any of that effect being on the record in any way. This just simply isn't like all the cases where an agreement comes up and there's been no prior, either the pending case has been dismissed before the agreement or without putting the agreement in. This is a case where there is actually an agreement that is being affected. Well, that's what you say. But there is no writing signed by the parties suggesting an agreement. The case law seems to require for purposes of enforcement that there be a writing voluntarily entered into by both parties. That's lacking here. So in your mind, there may be an agreement, but there's no agreement that the board could have incorporated into the record. Excuse me. There was a letter dated May 15th that made a unilateral offer. I accepted it in writing, and I accepted that unilateral offer. You may have an argument about unilateral offers. But the case law requires a piece of paper signed by both parties representing their final settlement agreement. In this appeal, we plainly don't have such a writing. I'm sorry, but are you saying that there can be no contract unless it's on one piece of paper? I'm saying there can be no agreement that triggers MSPB enforcement jurisdiction unless the agreement is in writing, signed by both parties, and entered into the record of a board proceeding. None of which three you have in this case. Well, so I agree that it was not entered. I agree on number three. I mean, that's very clear. And you can't contest that there is no single writing signed by both parties. Well, it seems to me that the answer and response constitute a single writing. And I'm telling you that our case law requires a single piece of paper signed by both parties. Now, I may be wrong. I may be misremembering. You're correct by definition. But assuming that that is what the case law holds, you have to agree there is no such document here. And you also have to agree that nothing was incorporated into a board proceeding record here. So you're 0 for 3 on the prerequisites of an enforceable agreement giving rise to jurisdiction. Why are we here? Well, we're here because I'm suggesting I'm 2 for 3 and that there is a mechanism to make it 3 for 3. But I agree that we are going around. My additional argument is that there's sort of a serious bit of scofflawing going on here. Don't editorialize because the merits are not before us. The only issue is whether the board correctly held that it had no jurisdiction because it had no record agreement. That's all we have to decide. Was the board right or wrong in reaching that conclusion? Well, the only case that comes up is certainly not binding on this court. But this court, I presume, is here because I suggest this is a case of first impression. And this court is here to decide cases of first impression. And because of the, as I would say, as I said, because of the nexus between this agreement and an already existing recorded agreement, which would be affected by it, and if you were to agree that there's a contract... How can there be a contract? When you sent a letter in and the FBI response was, we can't evaluate your offer and therefore can't arrive at a conclusion whether we might accept it without more information, please submit more information. You did submit more information. They never did an evaluation and they never responded to your offer. So it looks to me like your offer is left lying dead on the table, unresponded to, unaccepted. Now you can say anything you want about how your letter becomes a contract, but it just seems to me that it goes against common sense to say your letter forms a contract when they never responded to the offer in your letter one way or the other. Well, but they promised to respond. That is the point. They may have breached an implied contract to be responsive for which you maybe could sue them in another tribunal, but not in the Merit System Protection Board because its enforcement jurisdiction is statutorily circumscribed in a rather narrow fashion. It may not be a wise statute. Maybe Congress should change it, but we have to enforce it the way it's written. Well, I just wanted to suggest that you do have equitable powers. There are equitable powers to both honor that statute and to destroy it. Equitable powers to create jurisdiction in the board? We have a power to enlarge Congress's allocation of board jurisdiction as a matter of our appellate board equity power? You have the power to order that agreement entered into the record. That is my position. And I point to the Moore case as a procedural precedent. All right. I see I'm well into my rebuttal. All right. Why don't you reserve the rest? Mr. Smith? Thank you, Your Honor. May it please the Court? Mr. Smith, do you want us to dismiss because we lack jurisdiction or do you want us to affirm? You seem to say both in your brief, so I'm utterly confused what your position is. I apologize for that. I want to affirm the MSPB's dismissal for lack of jurisdiction. Well, then what did you mean when you said at the bottom of page 4 that the lack of an entered agreement, quote, divests the MSPB and therefore this court of jurisdiction? That seemed to be saying the Federal Circuit lacks jurisdiction over this appeal. If that's true, we would have to dismiss. If it's not true, then why are you saying it's so? I apologize. That is awkwardly worded. How about on page 7 where you say any such contract was outside the MSPB's, apostrophe S, paren, and therefore this court's, apostrophe S, n paren, jurisdiction? The MSPB does not have jurisdiction to enforce an agreement that was not entered into its record. Yeah, but obviously I'm talking about the parenthetical that refers to this court's jurisdiction. Why are you saying that? I understand the point, and yes, I agree that is awkwardly worded. It's incorrect. We plainly have jurisdiction to decide whether the MSPB's jurisdictional ruling was in accordance with law or not. Agreed? Yes. This court should affirm the MSPB's dismissal for lack of jurisdiction. I apologize for the lack of clarity there. If I can address the three-for-three discussion that just occurred. Frankly, I don't understand why Mr. Fitzpatrick is even arguing that there is an agreement implied, written, or otherwise, when the brief, the reply brief says at page eight, Fitzpatrick should get his minimum offer and have a chance to accept his partial loaf, and the government should be required to use every possible effort to construct an offer that meets and satisfies all legal parameters. Fitzpatrick is not even arguing that there is, in fact, a contract in place or a modification of the 86 agreement in place. He is asking that the board, and therefore this court, force the government to actually initiate the contracting process in the first place, that is, to make an offer, as I just read to you, that is way outside of the board's jurisdictional power to do, as I think you correctly identified in your discussion with Mr. Matthews. We have a right-line test. You focused on it quite a bit in your dialogue with Mr. Matthews. That is, if there is an agreement entered into the board's record, the board has the power to enforce it. Are you saying I made your argument for you? Exactly. And frankly, I'm not sure I have much to add to that. Judge Lynn, you have a question? That's fine. Good answer. I don't have any questions. All right. Judge Archer? Thank you, Mr. Smith. Thank you. Mr. Matthews, you have a couple minutes left of rebuttal. I will make a gift to the board in my remaining time. Thank you. We'll take the case under advisement. We thank both counsel. We'll call now Dixon-Ticonderoga v. United States. Appeal number 06-1042. Mr. Silverbrand. Good morning to you. Thank you, Your Honor. May I please support? Please proceed. Excuse me, Chief Judge Michel, but those things have been in the air on display all the time. On my sheet it says that both opponents are getting six and six and I was just informed I'm getting six. I should be six and three. Mr. Silverbrand wants six minutes for his initial argument and three minutes for rebuttal. And Mr. Thompson, six minutes for argument, no rebuttal time. Right. Oh, you said not six and not. Oh, I'm sorry. Sorry for the confusion, Chief Judge Michel. Okay, six minutes for Mr. Silverbrand with three minutes for rebuttal for Mr. Silverbrand. Then we'll worry about the rest later. Please proceed. May I please the court? The trial court incorrectly decided that Dixon was prejudicier and therefore entered judgment in favor of Dixon. You're going to need to speak up a little bit, counsel. Yes, Your Honor.